LOGAN *v.* RICE *et al.*

(Division B. April 24, 1933. Suggestion of Error Overruled May 8, 1933.)

[147 So. 662. No. 30537.]

Kennedy & Geisenberger and W. A. Logan, all of Natchez, for appellant.

Greek L. Rice, of Jackson, for appellees.

456

**Engle & Laub,** of Natchez, for appellee, City Bank & Trust Company, and **C. F. Byrnes,** of Natchez, for appellee, Britton & Koontz National Bank.

Argued orally by **L. C. Kennedy,** for appellant, and **Greek L. Rice,** for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Dr. James G. Logan, filed a bill in the chancery court of Adams county against Dr. James C. Rice, Dr. John F. Chamberlain, Dr. Raymond T. Smith, and Dr. George L. Kyser, and against certain banks in Adams county, seeking to discover from said banks the amount of partnership funds kept therein, and for an accounting of the partnership, alleging that about April 11, 1930, he and said defendants entered into a written agreement, a copy of which was filed as an exhibit to the bill, which reads as follows: "These articles of agreement entered into by Dr. James G. Logan and Dr. George L. Kyser with the Chamberlain-Rice Hospital, Incorporated, and known hereafter as Hospital, and the Chamberlain-Rice Clinic, known hereinafter as Clinic, as follows: 1. In consideration of the sum of Five Thousand Dollars from each Dr. James G. Logan and Dr. George L. Kyser, the Hospital capitalized at Fifty Thousand Dollars, agreed to sell to each of the aforesaid doctors the sum of fifty shares each of the capital stock at par value of One Hundred Dollars per share. In further consideration of an additional Five Thousand from each of the aforesaid physicians, the Clinic agrees that participation in the profit and losses of both Clinic and Hospital shall be upon the basis of stock held in the Hospital. 2. Both Dr. James G. Logan and Dr. George L. Kyser admit that the Clinic, up to the time of the issuance of above stock was composed of Dr. Charles T. Chamberlain, Dr. John F. Chamberlain, and Dr. James C. Rice, and that, up to that date have been solely responsible for all obligations and responsibilities of the Hospital and Clinic. Upon issuance of above stock the aforesaid physicians acknowledge the following and only shareholders in Clinic and Hospital: Dr. Charles T. Chamberlain, 100 shares; Dr. John F. Chamberlain, 100 shares; Dr. Raymond T. Smith, 100 shares; Dr. James C. Rice, 100 shares; Dr. James G. Logan, 50 shares; Dr. George

L. Kyser, 50 shares. Each of these shareholders agree after the issuance of above stock to assume their proportionate share of the obligations and responsibilities of both Clinic and Hospital. 3. Each of above stockholders take notice of the following obligations, now secured by original Clinic and Hospital members: A seventy-five thousand first mortgage bond issue against the property of the hospital; a twenty-five thousand dollar note bearing interest at six per cent payable semi-annually and held by J. M. Jones, Port Gibson, Mississippi. A note of nine thousand five hundred dollars bearing seven per cent interest held by City Bank & Trust Co., Natchez, Miss. Life Insurance premium on Policy for fifty thousand dollars on life of James C. Rice, premium on twenty-five thousand policy on life of J. M. Jones. This insurance carried for protection of bondholders. Premiums payable annually with one premium now represented by promissory note and held by Union Central Life Ins. Co. This 11th day of April, 1930.''

The appellant, Dr. Logan, alleged, in effect, that he executed the agreement under the belief that Dr. Charles T. Chamberlain was a stockholder in the corporation, and that said Dr. Charles T. Chamberlain was a solvent person of professional eminence, and that the funds paid under the contract would go to the treasurer of said corporation and there be among the assets of the corporation, the hospital. This corporation had a capital stock of fifty thousand dollars of which twenty thousand dollars was owned by J. M. Jones, he having furnished that amounts for the erection of the hospital, and having indorsed or underwritten certain bonds issued by it, amounting at the time of the issuance to seventy-five thousand dollars. It was understood that he would receive a six per cent. dividend on his stock, and that the other incorporators had the right to reacquire the stock issued to him on payment of the twenty thousand dollars

paid by J. M. Jones when the stock was issued to him. Dr. Logan, the appellant, alleged that he thought the stock he was buying was treasury stock, and not the stock owned or held by J. M. Jones. He further alleged that the stock issued to Charles T. Chamberlain was held by John F. Chamberlain, and not Charles T. Chamberlain.

There is a sharp conflict in the testimony of Dr. Logan and that of Dr. Rice, and certain other defendants. Dr. Rice testified that the appellant, Dr. Logan, fully understood the exact situation when he purchased the stock and signed the agreement, and that the stock was issued to Dr. Charles T. Chamberlain, but was kept in Natchez in the custody of Dr. John F. Chamberlain, so that it could be conveniently voted at stockholders' meetings.

J. M. Jones contradicted Dr. Logan as to the understanding when he bought the stock, and stated that at the time he transferred the stock to Dr. Logan he made certain congratulatory remarks about so young a physician as Dr. Logan getting such a desirable connection for such a small consideration. J. M. Jones was corroborated in his testimony by Dr. Smith, who was present.

The testimony was sufficient to warrant the chancellor in rejecting the theory of appellant and accepting that of the appellees.

As we view it, the question presented turns upon the facts in the record, and the finding of fact by the chancellor being supported by the evidence cannot be disturbed here.

In other words, we think the evidence is sufficient to warrant the chancellor in finding that the appellant in this case bought with a full understanding of the facts, and that he continued to participate in the earnings of the clinic under his agreement until the order impounding the earnings thereof to be applied in satisfaction of

its obligations evidenced by the agreement hereinbefore set fforth.

The judgment of the court below will, therefore, be affirmed.

Affirmed.